Ruben D. RAMIREZ; Maria Barragan Ramirez; Juan Ramirez; Andres Ramirez, Petitioners,

v.

John D. ASHCROFT, United States Attorney General, Respondent.

No. 03–3440.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 5, 2004.

Decided Aug. 18, 2004.

Subhash Chandra, Omaha, NE, for Petitioners.

Blair T. O'Connor, U.S. Department of Justice, Thomas W. Hussey, Michele Y.F. Sarko, Linda S. Wernery, Brenda M. O'Malley, Gloria J. Minor, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, Nina Buffington, Chief Administrative Hearing Officer's Office, Falls Church, VA, for Respondent.

John Ashcroft, Attorney General, Attorney General's Office, Washington, DC, pro se.

Before WOLLMAN, MCMILLIAN, and RILEY, Circuit Judges.

PER CURIAM.

Ruben Ramirez and his wife and two sons, citizens of Colombia, petition for review of an order of the Board of Immigration Appeals (BIA) affirming an Immigration Judge's (IJ's) denial of their application for asylum and withholding of removal. For reversal, Ramirez argues on behalf of his family that he showed changed country conditions to excuse the untimely filing of his asylum application, and the evidence shows that he suffered past persecution and has a well-founded fear of future persecution. For the reasons discussed below, we deny the petition.

We lack jurisdiction to review the IJ's determination that Ramirez did not show changed or extraordinary circumstances justifying his untimely asylum application. *See* 8 U.S.C. § 1158(a)(3) (no court shall have jurisdiction to review Attorney General's determination as to timeliness of asylum application); *Ngure v. Ashcroft,* 367 F.3d 975, 989 (8th Cir.2004) (upholding § 1158(a)(3)'s jurisdictional bar and rejecting petition for review of denial of asylum). Assuming Ramirez did not waive the withholding-of-removal issue, *see Chay–Velasquez v. Ashcroft,* 367 F.3d 751, 756 (8th Cir.2004) (alien waived claim by not presenting "meaningful argument" on it in his appellate brief), we agree with the IJ that Ramirez did not show a clear probability that he will face persecution on account of his political opinion, imputed or otherwise, upon return to Colombia, *see Kratchmarov v. Heston,* 172 F.3d 551, 555 (8th Cir.1999) (clear-probability standard).

Accordingly, we deny the petition.